IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROBERTO LUNA, § § § Plaintiff, § § v. § § CAROLYN W. COLVIN, COMMISSIONER § OF SOCIAL SECURITY § ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:15-CV-508-CAN |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roberto Luna brings this appeal under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income [Dkt. 1; Dkt. 13]. After carefully reviewing the Briefs submitted by the Parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED**.

## HISTORY OF THE CASE

Plaintiff filed his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act") on June 14, 2012, alleging disability beginning on June 11, 2012, due to major depressive disorder, polysubstance dependence sustained full remission, post-traumatic stress disorder, hypertension, Type II diabetes mellitus, lumbosacral spondylosis, chronic obstructive pulmonary disease severe obstruction, and Hepatitis C [TR at 23, 147]. Plaintiff's application was initially denied by notice on September 4, 2012, and again upon reconsideration on December 10, 2012. *Id.* at 83, 95. Plaintiff timely requested a

hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on October 4, 2013. *Id.* at 98, 37. Plaintiff, represented by counsel, testified at the hearing, and a vocational expert, Lucretia Parker ("Vocational Expert"), also testified at the hearing. *Id.* at 37, 72. On December 27, 2013, the ALJ issued his decision denying benefits and found Plaintiff not disabled at step five of the sequential evaluation process. *Id.* at 26. On February 17, 2014, Plaintiff sought review before the Appeals Council, and in conjunction with his request for review, Plaintiff submitted new evidence from Dr. Carolyn Rekerdes, M.D. *Id.* at 11-12, 230. The Appeals Council denied review on June 10, 2015, concluding the evidence "does not provide a basis for changing" the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner. *Id.* at 1-2.

On July 28, 2015, Plaintiff filed his Complaint in this Court [Dkt. 1]. On November 20, 2015, the Administrative Record was received from the Social Security Administration [Dkt. 8]. Plaintiff filed his Brief on January 20, 2016 [Dkt. 12], the Commissioner filed her Brief on March 18, 2016 [Dkt. 13], and Plaintiff filed a Reply to Commissioner's Brief on March 28, 2016 [Dkt. 14]. On September 13, 2016, this case was assigned to the undersigned by consent of all Parties for further proceedings and entry of judgment [Dkt. 16].

## STATEMENT OF RELEVANT FACTS

Plaintiff was born on March 23, 1962, and was fifty (50) years of age when he applied for SSI [TR at 31]. At the time of the Commissioner's final decision, he was fifty-three (53). *Id.* at 1.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After a discussion of the medical data regarding Plaintiff and hearing testimony, the ALJ made the prescribed sequential evaluation. The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2012 [TR at 23]. The ALJ further found that Plaintiff had severe impairments of major depressive disorder, polysubstance dependence (sustained full remission), post-traumatic stress disorder, hypertension, type II diabetes mellitus, lumbosacral spondylosis, chronic obstructive pulmonary disease (severe obstruction), and Hepatitis C. *Id.* The ALJ concluded that although Plaintiff's medical impairments were severe, they were not severe enough either singly, or in combination, to meet or medically equal one of the listed impairments. *Id.* at 25. The ALJ found that Plaintiff had the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently, sit, stand or walk up to six hours in an eight-hour workday, and otherwise perform the full range of light work. *Id.* at 26-27. The ALJ then determined that Plaintiff was unable to perform any of his past relevant work. *Id.* at 30-31. The ALJ then determined that there were jobs in the national economy that Plaintiff could perform. *Id.* at 31-32. The ALJ concluded that Plaintiff was not disabled since June 14, 2012. *Id.* at 32.

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702

F.2d 616, 620 (5th Cir.1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).

The legal standard for determining disability under Title XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a) (3)(A); *see also Cook*, 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2012). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(f); 42 U.S.C. § 1382(a).

# ANALYSIS

Plaintiff asserts two issues on appeal: (1) whether the Appeals Council properly considered Plaintiff's new evidence; and (2) whether the ALJ improperly rejected the opinions of Plaintiff's treating psychiatrist [Dkt. 13 at 1].

With respect to Plaintiff's first contention, the ALJ issued a decision on December 27, 2013, and Plaintiff thereafter submitted new evidence to the Appeals Council on March 24, 2014 and May 19, 2014 [TR at 4]. The new evidence consists of a letter from Plaintiff's treating psychiatrist, Carolyn Rekerdres, M.D. ("Dr. Rekerdres"), dated March 24, 2014.[1] *Id.* The Appeals Council accepted the new evidence, but determined not to alter the ALJ's decision. *Id.* at 1. Plaintiff argues that the Appeals Council committed error by failing to discuss and/or weigh Dr. Rekerdres's opinions, which are clearly contrary to the findings of the ALJ [Dkt. 12 at 12]. The Commissioner does not argue that the new evidence does not relate to the applicable time period, but rather asserts that Dr. Rekerdres's letter is nothing more than a reiteration of her previous statements which the ALJ already properly rejected and also that none of the conditions Dr. Rekerdres lists in her letter are reflected in her contemporaneous treatment notes [Dkt. 13 at 9].

Dr. Rekerdres's letter states that Plaintiff has a diagnosis of "severe Post Traumatic Stress Disorder [("PTSD")] . . . severe Depressive Disorder (with a history of psychotic episodes) and a history of polysubstance dependence" [TR at 577]. Dr. Rekerdres's letter also states that despite all of his efforts, "[Plaintiff] is still extremely limited in his abilities due to fatigue, hallucinations and symptoms of his depression and PTSD." *Id.* In Dr. Rekerdres's opinion, Plaintiff will always be at risk for those episodes described in the letter; and accordingly, Plaintiff "will never

---

[1] The Appeals Council also accepted and acknowledged receipt of a brief from Laura Amick Gadness, Plaintiff's attorney, dated May 19, 2014, as additional evidence [TR at 4]; however, neither party argues that the Appeals Council did not properly consider Gadness's brief [*See* Dkts. 12, 13, 14].

be able to maintain a regular work schedule—even with a relatively low stress job." *Id.* at 577-78.

Under the Act, courts may review the final decision of the Commissioner. 42 U.S.C. § 405(g). The final decision encompasses the Appeals Council's denial of review as well as new evidence submitted to the Appeals Council. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 336 (N.D. Tex. 2003) (Appeals Council required to consider new evidence presented for the first time in a request for review); *see also Carry*, 750 F.2d at 486. The Appeals Council considers all evidence in the record, as well as any new and material evidence it receives, that relates to the period on or before the date of the ALJ's decision, in deciding whether to grant a claimant's request for review of the ALJ's decision. 20 C.F.R. § 404.976(b). When reviewing new evidence, the Appeals Council must follow the same rules as the ALJ. 20 C.F.R. § 404.1527(e).

The Court first considers whether Dr. Rekerdres's evidence is "new." *Luckey v. Colvin*, No. 4:14-CV-594, 2016 WL 429962, at *5 (E.D. Tex. Feb. 4, 2016). Dr. Rekerdres's letter was created March 24, 2013, several months after the ALJ's decision denying benefits, and thus is new, as it could not have been submitted or reviewed by the ALJ. *See id.*

The Court must also determine "materiality"; comprised within such analysis is: (1) whether the evidence relates to the period for which disability benefits were denied; and (2) whether there is a reasonable probability that the new evidence would change the outcome of the case. *Id.* Again, Commissioner does not assert that Dr. Rekerdres's letter does not relate to the applicable period, but rather argues that the second prong of the materiality analysis cannot be satisfied: the new evidence "does not deprive the ALJ's decision of substantial evidence

support"; nor is there a reasonable probability the new evidence would change the outcome of the case [*see* Dkt. 13 at 9].

Dr. Rekerdres's evidence directly contradicts the ALJ's findings. *Luckey*, 2016 WL 429962, at *7. More specifically, the Court notes that Dr. Rekerdres's new evidence suggests greater limitations than those included by the ALJ in his findings and conclusions regarding Plaintiff's residual functional capacity [TR at 26-30]. After considering Plaintiff's medical records, the ALJ concluded that Plaintiff could perform a full range of light work. *Id.* In contrast, Dr. Rekerdres's new evidence conflicts with this finding, noting that Plaintiff will always be at risk for psychotic episodes. *Id.* at 577. Dr. Rekerdres reported that Plaintiff was "extremely limited in his abilities due to fatigue, hallucinations, and symptoms of his depression and PTSD." *Id.* Dr. Rekerdres further reported that Plaintiff takes six medications daily to control his symptoms, and the medications cause "significant sedation." *Id.* Dr. Rekerdres opined that Plaintiff would never be able to maintain a regular work schedule—even with a relatively low stress job. *Id.* at 577-78. The limitations caused by Plaintiff's psychotic episodes were not included by the ALJ in his residual functional capacity finding, and were not addressed by the hypothetical questions posed to the vocational expert at hearing. *Id.* at 73-79. As such, Dr. Rekerdres's new evidence is inconsistent with the ALJ's residual functional capacity finding. A treating physician (such as Dr. Rekerdres) may be entitled to great weight, and precedent dictates that such opinion be rejected only if an analysis/explanation of the weight to be given such opinion is provided. *Lee v. Colvin*, No. 4:14-CV-418-CAN, 2016 WL 310282, at *8 (E.D. Tex. Jan. 26, 2016).

Here, the only explanation the Appeals Council provides for disregarding the newly submitted evidence is:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

[TR 1-2]. Among the rules and regulations that apply to both the ALJ and Appeals Council is the obligation to "evaluate every medical opinion [they] receive" under section 404.1527, and to "always give good reasons in [their] notice of determination or decision for the weight [given any] treating source's opinion." 20 C.F.R. § 404.1527(c), (c)(2); *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). The Commissioner does not explain how the Appeals Council's statement comports with this requirement [*see generally* Dkt. 13]. Instead, the Commissioner argues that it is clear the reason the Appeals Council disregarded Dr. Rekerdres's letter is that it has little probative value because the letter is merely a reiteration of her October 2013 statement and Dr. Rekerdres never reported such limitations or clinical findings in her contemporaneous treatment records [Dkt. 13 at 9].[2] Each of these arguments, however, is absent from the Appeals Council Order. It is undisputed that the Appeals Council did not state the weight to be given to Dr. Rekerdres's letter [Dkt. 12 at 11-13; Dkt. 13 at 7-9]. This Court cannot weigh the evidence, try the issue de novo, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Williams v. Astrue*, No. 4:11-CV-483, 2013 WL 1282517, at *4 (E.D. Tex. Mar. 27, 2013). Moreover, the use of such boilerplate language by the Appeals Council has

---

[2] By way of response, Plaintiff notes that his symptoms from depression and PTSD were episodic; thus, the Commissioner's position takes an overly selective view of the medical records in evidence. *Luckey*, 2016 WL 429962, at *8; *see Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) ("ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."). The Court notes there are other instances in the record where Plaintiff's symptoms of fatigue and hallucinations were indicated by the medical evidence. [TR at 572-73].

ORDER – Page 8

previously been considered by this Court. *Williams*, 2013 WL 1282517, at *4; *see also Stewart v. Astrue*, No. 7–07–CV–052–BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008). The standard boilerplate language used to deny Plaintiff's request simply does not show good reason for the determination of the weight given by the Appeals Council to new evidence. While the regulations do not require the Appeals Council to perform a detailed analysis of its decision regarding the weight; the current regulations do require the Appeals Council to give some explanation for the weight given to the opinion of Plaintiff's treating physician. *See Martinez ex rel. T.P. v. Colvin*, No. 2:12-CV-049, 2013 WL 1194234, at *4 (N.D. Tex. Mar. 7, 2013); *Stewart*, 2008 WL 4290917, at *4. Such explanation is absent here. Furthermore, the new evidence is inconsistent with the residual functional capacity finding of the ALJ. Remand is appropriate when the new evidence is inconsistent that it undermines the ultimate disability determination and review is necessary to properly consider the evidence. *Williams*, 2013 WL 1282517, at *4. Therefore, this case should be remanded for further review.[3]

---

[3] Because the Court has determined that remand is appropriate based on the new evidence submitted to the Appeals Council, the Court does not consider Plaintiff's second argument that the ALJ did not use the proper legal standards in evaluating or provide good cause for rejecting Dr. Rekerdres's opinion. *Luckey v. Colvin*, No. 4:14-CV-594, 2016 WL 429962, at *8, n.4 (E.D. Tex. Feb. 4, 2016).

ORDER – Page 9

**CONCLUSION**

Based on the foregoing, the Court finds this case should be remanded for further review so that the Commissioner may evaluate and weigh the new medical evidence submitted by Plaintiff, specifically the letter of Dr. Rekerdres, in its disability determination.

It is therefore **ORDERED** that the decision of the Commissioner is hereby **REMANDED** for further proceedings consistent with this opinion.

**SIGNED this 29th day of September, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE